IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM HOUK and JANICE HOUK, husband and wife, | ) ) ) | No. 31163-5-III |
| Respondents, | ) ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| BEST DEVELOPMENT & CONSTRUCTION COMPANY, INC., a Washington Corporation, DAVE WINLOW dba SUNDANCE EXCAVATING, BURT SHAHAN, an individual, LANCE POUNDER EXCAVATION, INC., a Washington Corporation, JOHN AKINS MASONRY, INC., a Washington Corporation, R.K. STARK CONSTRUCTION CO., CHARLES MAYFIELD, an individual dba CM SIDING, TIM VIGIL, an individual dba TJ VIGIL CONSTRUCTION, APOLLO ELECTRIC, INC., a Washington Corporation, GALE INSULATION, WALKER ROOFING, LLC, a Washington Limited Liability Company, REED CONCRETE COMPANY, INC., a Washington Corporation, STI NORTHWEST, INC., a Washington Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| NICHOLS & SHAHAN DEVELOPMENT, LLC, a Washington Limited Liability | ) ) | |

No. 31163-5-III
*Houk v. Best Dev. & Constr. Co., Inc.*

Company, and JOSEPH NICHOLS, an          )
individual,                                              )
                              Petitioners.             )

BROWN, J.—On discretionary review, real estate developers Nichols & Shahan

Development, LLC (a dissolved limited liability company) and Joseph K. Nichols

(collectively NSD) ask us to overturn the trial court's denial of its summary judgment

motion against home purchasers and plaintiffs William and Janice Houk. NSD contends

the trial court erred in not concluding the limitation provisions of RCW 25.15.303 added

in 2010 are prospective and require a plaintiff to sue within three years after a certificate

of dissolution is filed. We agree with NSD. Applying this law to the undisputed material

facts, we reverse and grant summary judgment to NSD.

## FACTS

In 2004, the Houks moved into a newly constructed home in NSD's development.

The Houks soon began noticing multiple defects in their home, some serious. On

October 2, 2006, Washington's secretary of state dissolved NSD as an LLC. On

December 16, 2010, the Houks sued NSD for damages, alleging breach of contract,

breach of implied warranties, and breach of express warranties, negligence, and

violation of Washington's Consumer Protection Act, chapter 19.86 RCW. NSD

requested summary judgment dismissal, arguing the Houks' complaint was time barred

because it was filed more than three years after NSD dissolved. The trial court

disagreed, concluding the recently amended RCW 25.15.303 required an LLC to file a

certificate of dissolution and since NSD did not file the certificate, it was still subject to

litigation. This court granted NSD's request for discretionary review.

2

ANALYSIS

The issue is whether the trial court erred by denying NSD's request for summary judgment dismissal after it concluded the limitation provisions of RCW 25.15.303 as amended in 2010 apply retroactively.

We review the denial of a summary judgment motion de novo and perform the same inquiry as the trial court. *Macias v. Saberhagen Holdings, Inc.*, 175 Wn.2d 402, 407-08, 282 P.3d 1069 (2012). A party moving for summary judgment bears the burden of demonstrating there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Atherton Condo. Apartment Owners Ass'n Bd. of Dir. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). Likewise, the interpretation of a statutory amendment is a question of law that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We presume statutory amendments are prospective unless there is a legislative intent to apply the statute retroactively or the amendment is clearly curative or remedial. *Johnson v. Cont'l W., Inc.*, 99 Wn.2d 555, 559, 663 P.2d 482 (1983).

RCW 25.15.303 first became effective in 2006. The statute stated, "The dissolution of a limited liability company does not take away or impair any remedy available against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, unless an action or other proceeding thereon is not commenced within three years after the filing of the effective date of dissolution." RCW 25.15.303 (2006).

3

In 2009, our Supreme Court decided *Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 207 P.3d 1251 (2009). One issue in *Chadwick* was when does the limitations period start when distinguishing between an administratively-dissolved LLC (secretary of state cancels LLC for noncompliance) and nonadministratively-dissolved LLC (LLC dissolves itself). The court held, "If a limited liability company is dissolved upon events specified in the company agreement or the consent of the members . . . the company and its managers and members control the timing of dissolution . . . . But when the secretary of state administratively dissolves a limited liability company for failure to pay fees or file reports (as here), cancellation of the certificate of formation automatically occurs two years later if the company does not seek reinstatement." *Id.* at 190. "In either case, the critical event is the cancellation of the certificate of formation." *Id.* at 191. Once an LLC is cancelled, "it no longer exists . . . for any purpose." *Id.* at 194. The *Chadwick* court referred to RCW 25.15.303 as a "statute of limitations" and reasoned it "means that an action against a limited liability company, whether arising before or after dissolution, must be brought within three years of dissolution." *Chadwick*, 166 Wn.2d at 195.

In 2010, our legislature amended RCW 25.15.303 to read, "The dissolution of a limited liability company does not take away or impair any remedy available to or against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution, *unless the limited liability company has filed a certificate of dissolution.*" (Emphasis added.)

4

Under the 2006 version of RCW 25.15.303, no requirement existed for a dissolved LLC to file documentation with the secretary of state before the statute of limitations was triggered. The limitations period began to run on the LLC's "effective date of dissolution." RCW 25.15.303 (2006). It is undisputed this version of RCW 25.15.303 was in effect on the date that NSD was administratively dissolved, during the three year limitations period triggered by NSD's dissolution, and for an additional period of eight months thereafter. Under RCW 25.15.303 (2006), the Houks were required to commence their lawsuit against NSD no later than October 2, 2009, which is three years from the date that NSD was administratively dissolved. The Houks, however, filed suit on December 16, 2010. Thus, under RCW 25.15.303 (2006) their complaint was untimely.

If the amended version of RCW 25.15.303 applied retroactively then the Houks' lawsuit would be timely. As discussed above, we presume statutory amendments are prospective unless there is a legislative intent to apply the statute retroactively or the amendment is clearly curative or remedial. *Johnson*, 99 Wn.2d at 559. In the absence of a clear declaration by the legislature regarding retroactivity, as here, it is "helpful to characterize changes to a statute as . . . 'curative' or 'remedial' to assist in determining legislative intent." *Hale v. Wellpinit School Dist. No. 49*, 165 Wn.2d 494, 508, 198 P.3d 1021 (2009).

An amendment is curative and retroactive if it clarifies or technically corrects an ambiguous statute. *State v. Jones*, 110 Wn.2d 74, 82, 750 P.2d 620 (1988). The amendment must be "clearly curative" for it to be retroactively applied. *Howell v.*

5

No. 31163-5-III
*Houk v. Best Dev. & Constr. Co., Inc.*

*Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 47, 785 P.2d 815 (1990). But "[w]here ambiguity is lacking in statutory language, this court presumes an amendment to the statute constitutes a substantive change in the law, and the amendment presumptively is not retroactively applied." *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 462, 832 P.2d 1303 (1992). Thus, ambiguity in the statutory language is a condition precedent to finding that an amendment was "curative."

Relating to RCW 25.15.303 (2006), the *Chadwick* court stated, "The plain language in RCW 25.15.303 and the other provisions in the Act resolve the statute's meaning. Because we find no ambiguity, we have no reason to consider legislative history." 165 Wn.2d at 195. One cannot cure an ambiguity where none exists. Because our Supreme Court determined that the 2006 version of RCW 25.15.303 was unambiguous, the 2010 amendments to that statute (particularly those adding a new filing requirement) cannot be interpreted as curative.

Similarly, the strong presumption against retroactivity may be overcome where a statute is "remedial." *In re F.D. Processing, Inc.*, 119 Wn.2d at 462-63. "'An amendment is deemed remedial and applied retroactively when it relates to practice, procedure or remedies, and does not affect a substantive or vested right.'" *Id.* (quoting *In re Mota*, 114 Wn.2d 465, 471, 788 P.2d 538 (1990)). "A 'right' is a legal consequence deriving from certain facts, while a remedy is a procedure prescribed by law to enforce a right." *Dep't of Ret. Sys. v. Kralman*, 73 Wn. App. 25, 33, 867 P.2d 643 (1994) (citing *Hammack v. Monroe St. Lumber Co.*, 54 Wn.2d 224, 231, 339 P.2d 684 (1959)). "A statute which provides a claimant with the right to proceed against persons

6

previously outside the scope of the statute deals with a substantive right, and therefore applies prospectively only." *Kralman*, 73 Wn. App. at 33.

Here, the Houks' claims against NSD were time barred by RCW 25.15.303 (2006) beginning on October 2, 2009. From that date forward, the Houks no longer had a legal right to proceed with their claims against NSD and NSD had a legal right to assert the statute of limitations as a complete defense. The 2010 amendments to RCW 25.15.303 created a new substantive remedy that is outside the scope of the former statute that would, if retroactively applied, deny NSD the right to assert the statute of limitations as a complete defense. Accordingly, the 2010 amendments are not remedial.

Because the Houks have failed to show legislative intent to apply RCW 25.15.303 retroactively or that the amendments are clearly curative or remedial, we follow the presumption that the statute is prospective. Thus, the trial court erred in concluding differently. Therefore, the Houks' claims are time barred. Accordingly, we reverse the trial court and grant summary dismissal of the Houks' suit.

We note the Houks ask for affirmative relief in their response brief, asking us to allow them to amend their complaint to add additional causes of action. The Houks, as respondents, may not request affirmative relief without proper notice. *See* RAP 5.1(d) (requiring the filing of a notice of cross-review to request affirmative relief). Moreover, the additional causes of action alleged against NSD and Mr. Nichol are issues raised for the first time on appeal. Under RAP 9.12, arguments not brought to the attention of the trial court at the time of summary judgment may not be considered by the appellate

7

court. Accordingly, these issues are not properly before us. Nevertheless, based on the reasoning above, further claims against NSD would be time barred. RCW 25.15.303.

Finally, relying on RCW 4.84.330, NSD requests attorney fees on appeal. RCW 4.84.330 states that a contract containing an attorney fees provision entitles the prevailing party in an enforcement action to recover reasonable attorney fees and costs. The parties' 2004 real estate contract lists Mr. Nichols[1] as the seller and the Houks as the purchaser. Their contract states, "If Buyer, Seller, or any real estate licensee or broker involved in this transaction is involved in any dispute relating to any aspect of this transaction or this Agreement, each prevailing party shall recover their reasonable attorneys' fees. This provision shall survive Closing." Clerk's Papers at 157.

Where a contract provides for an award of reasonable attorney fees to the prevailing party, such an award "shall" be made. RCW 4.84.330. Here, the parties' contract contains an attorney fee provision and several of their claims are based on the contract, including violation of implied warranties. *See Burbo v. Harley C. Douglass, Inc.*, 125 Wn. App. 684, 701-02, 106 P.3d 258 (2005) ("the implied warranty of habitability is an implied-in-law term of the contract for sale for the purposes of attorney fees.") NSD prevails here. Thus, we grant attorney fees request.

Reversed.

---

[1] The Houks attempt to distinguish Mr. Nichols from NSD in their argument that fees are unwarranted, arguing Mr. Nichols was not acting on his own behalf but on behalf of NSD; thus, he cannot receive fees. However, both parties are combined for purposes of this appeal and for purposes of representation by their attorney.

No. 31163-5-III
*Houk v. Best Dev. & Constr. Co., Inc.*

Brown, J.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Fearing, J.

9