IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PINNACLE CAPITAL PARTNERS, LLC, a Washington Limited Liability Company, PINNACLE GA, LLC, a Washington Limited Liability Company, | ) ) ) ) ) | No. 41270-9-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| VESSEL WINES, LLC, a Washington Limited Liability Company, CHERYL MIDDLETON and "JOHN DOE" MIDDLETON, Husband and Wife, and the marital community thereof, and STEVE HARTLEY and "JANE DOE" HARTLEY, Husband and Wife, and the marital community thereof, | ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) | |

COONEY, J. — Vessel Wines, LLC, was a limited liability company that obtained three loans from Pinnacle Capital Partners, LLC. The co-managers of Vessel, Cheryl Hintz Middleton and Steve Hartley, personally guaranteed each loan. Vessel was voluntarily dissolved in September 2020. A few months later, a new limited liability company was registered with the Washington Secretary of State bearing the same name, "Vessel Wines, LLC." Clerk's Papers (CP) at 406. The newly registered Vessel

continued making payments to Pinnacle on two of the three loans. Pinnacle filed suit against Vessel, Ms. Middleton, and Mr. Hartley once the payments ceased. Pinnacle later moved for summary judgment that was granted by the Pierce County Superior Court.

Vessel, Ms. Middleton, and Mr. Hartley appeal, arguing that Pinnacle's lawsuit was barred by the three-year statute of limitations in RCW 25.15.309. Pinnacle responds that its lawsuit was timely because the newly registered Vessel Wines, LLC, was a "mere continuation" of the dissolved Vessel Wines, LLC. CP at 749, 756. Pinnacle further argues that, regardless of Vessel's liability, Mr. Hartley and Ms. Middleton remain liable for the debts under their personal guarantees. We agree with Pinnacle, affirm the trial court's order on summary judgment, and award attorney fees to Pinnacle on appeal.

## BACKGROUND

In 2016, Ms. Middleton and Mr. Hartley were co-managers of Vessel, a winery, brewery, restaurant, and bar located in Seattle, Washington. Between 2016 and 2019, Vessel entered into three "Equipment Finance Agreement[s]" (collectively, Finance Agreements) with Pinnacle.[1] CP at 206-11, 216-22, 227-33. Each Finance Agreement contained an identical guaranty clause signed by Ms. Middleton and Mr. Hartley:

---

[1] In 2020, most of Pinnacle's assets were acquired by the Alliance Funding Group (AFG). Pinnacle retained two of Vessel's Finance Agreements and AFG acquired the third. The particulars of AFG's acquisition of Pinnacle's assets is not relevant to this appeal. For simplicity, when referring to the loans, this opinion refers to "Pinnacle" as the creditor.

**GUARANTY**

Each of us unconditionally guarantees and promises to make all of the payments and perform all Debtor's obligations as specified in the above agreement. Each of our liabilities is primary and joint and several and will not be affected by any settlement, extension, renewal or modification of the agreement, by the discharge or release of the Debtor's obligations or by the taking or release of additional guarantors or security for the performance of the agreement. Each of us waives any rights we may have to (a) presentment, demand, protest, notice of protest, notice of dishonor, notice of default under the agreement and any other notices related to this guaranty or the agreement and (b) the right to require Creditor to proceed against Debtor or to pursue any other remedy in Creditor's power. Each of us also waives any other rights and defenses available to a guarantor by reason of applicable case or statutory law. Each of us agrees that we are liable for Creditor's attorney's fees and costs in enforcing this guaranty, whether or not suit is filed, and that the venue and governing law provided in the agreement applies to this guaranty.

CP at 206, 216, 227.

On September 1, 2020, a certificate dissolving Vessel Wines, LLC, was filed with the Secretary of State. A few months later, on January 28, 2021, a new limited liability company was registered with the Secretary of State bearing the same name, "Vessel Wines, LLC." CP at 406 (some capitalization omitted). Unlike the dissolved Vessel, the newly registered Vessel had a different unified business identifier number and listed only Mr. Hartley as a governor. Vessel defaulted on one of the three loans in November 2020 but continued making payments to Pinnacle on the other two loans until April 2021. The second Vessel Wines, LLC, dissolved on June 3, 2024.

On October 19, 2023, Pinnacle filed a "Complaint for Monies Owed" against Mr. Hartley, Ms. Middleton, and Vessel. CP at 200-35 (some capitalization omitted).

3

Pinnacle later filed a motion for summary judgment, alleging there were no genuine issues of material fact related to Vessel's default on the loans and Vessel's, Mr. Hartley's, and Ms. Middleton's liability for the debts. Pinnacle also requested attorney fees under the terms of the Finance Agreements.

Ms. Middleton and Mr. Hartley[2] opposed Pinnacle's motion for summary judgment. In opposition to Pinnacle's motion, Ms. Middleton argued, in part, that RCW 25.15.309 barred Pinnacle's suit because it was filed more than three years after Vessel dissolved. The superior court ultimately granted summary judgment in favor of Pinnacle and awarded it attorney fees. Pinnacle later secured a judgment against Ms. Middleton, Mr. Hartley, and Vessel, jointly and severally.

Ms. Middleton, Mr. Hartley, and Vessel appeal.[3]

---

[2] Mr. Hartley's brief in opposition to summary judgment was filed on his and Vessel's behalf.

[3] Ms. Middleton only represented herself below. Though she did not file a notice of appearance for Vessel and Mr. Hartley, Ms. Middleton was listed as an "Attorney for Appellants" in the notice of appeal. Def.'s Notice of Appeal at 6 (June 17, 2025).

ANALYSIS

SUMMARY JUDGMENT

Vessel argues the trial court's order on summary judgment was improper because Pinnacle's lawsuit was time barred under RCW 25.15.309.[4] We disagree.

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation

---

[4] In a "Clarification of Record Facts" filed after oral argument, Vessel urges this court to "dismiss this case for [Pinnacle's] lack of standing." Clarification of Record Facts at 4 (Apr. 29, 2026). We decline Vessel's request. An appellate court's review is necessarily limited by the scope of a given appeal, which is determined by the notice of appeal, the assignments of error, and the substantive arguments of the parties. *Clark County v. W. Wash. Growth Mgmt. Hr'gs Rev. Bd.*, 177 Wn.2d 136, 144-45, 298 P.3d 704 (2013). This court will not consider a claim of error not supported with legal argument in a party's opening brief. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 845, 347 P.3d 487 (2015).

In its notice of appeal, Vessel only sought review "of the Order Granting Plaintiff's (sic) Motion for Summary Judgment entered on May 16, 2025." Def.'s Notice of Appeal at 5 (alteration in original). Even if we were to liberally construe Vessel's notice of appeal to include the trial court's denial of its earlier motion to dismiss on standing grounds, Vessel did not assign error to that ruling nor did Vessel provide substantive argumentation in its opening brief to support its contention that Pinnacle lacked standing to initiate the suit.

depends in whole or in part." *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

Vessel argues that Pinnacle's complaint is time barred under RCW 25.15.309 because it was filed more than three years after Vessel filed a certificate of dissolution. Pinnacle responds that the lawsuit is not barred because a successor limited liability company to the dissolved Vessel continued making payments on the loans. Pinnacle also

6

asserts that Ms. Middleton and Mr. Hartley both remain personally liable for the debts based on the Finance Agreements.[5]

*RCW 25.15.309*[6]

Vessel argues RCW 25.15.309 is a complete bar to Pinnacle's lawsuit because it was filed more than three years after Vessel filed its certificate of dissolution.

RCW 25.15.309 states:

> (1) A claim against a dissolved limited liability company is barred if the limited liability company has filed a certificate of dissolution under RCW 25.15.269 that has not been revoked under RCW 25.15.294, and an action or other proceeding thereon is not commenced within three years after the filing of the certificate of dissolution.

> (2) The dissolution of a limited liability company does not take away or impair any remedy available to or, except as provided in subsection (1) of this section or RCW 25.15.301, against that limited liability company, its managers, or its members for any right or claim existing, or any liability incurred at any time, whether prior to or after dissolution. Such an action or proceeding by or against the limited liability company may be prosecuted or defended by the limited liability company in its own name.

---

[5] In its reply, Vessel urges us to strike Pinnacle's response brief due to its failure to correctly cite to the clerk's papers. Pinnacle later moved to file an amended response brief with corrected citations. In its motion, Pinnacle explained that its supplemental designation of clerk's papers was not prepared until after its response brief was due, leading to some incorrect citations. Though we denied Pinnacle's motion to file an amended brief, we decline to strike its response brief. Pinnacle's incorrect citations are not so egregious so as to warrant striking its entire brief.

[6] To the extent Pinnacle argues Vessel did not adequately raise this argument below, that contention fails. Vessel raised the issue in its brief in opposition to summary judgment.

Here, it is undisputed that Vessel filed its certificate of dissolution on September 1, 2020, and Pinnacle filed its lawsuit on October 19, 2023, beyond the three-year limitation period contained in RCW 25.15.309(1). Thus, Pinnacle's lawsuit is time barred unless the entity that was registered with the Secretary of State on January 28, 2021, is a successor that became liable for Vessel's debts.

*Successor Liability*

Pinnacle contends the second Vessel is a successor to the original Vessel and is therefore liable for its debts. Pinnacle claims that because its lawsuit was filed before the second Vessel dissolved on June 3, 2024, RCW 25.15.309 does not bar the suit as a matter of law.

"Successor liability is an equitable claim." *Columbia State Bank v. Invicta Law Grp., LLC*, 199 Wn. App. 306, 316, 402 P.3d 330 (2017). Washington State follows the general rule that "a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation." *Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.*, 166 Wn.2d 475, 481-82, 209 P.3d 863 (2009). The rationale for this rule is a "bona fide purchaser who gives adequate consideration and who lacks notice of prior claims against the property acquires no liability for those claims." *Hall v. Armstrong Cork, Inc.*, 103 Wn.2d 258, 262, 692 P.2d 787 (1984). However, a successor may be held liable for the debts of a predecessor, when:

> (1) there is an express or implied agreement for the purchaser to assume
> liability; "(2) the purchase is a de facto merger or consolidation; (3) the
> purchaser is a mere continuation of the seller; or (4) the transfer of assets is
> for the fraudulent purpose of escaping liability."

*Cambridge Townhomes*, 166 Wn.2d at 482 (quoting *Hall*, 103 Wn.2d at 262). The "mere

continuation" exception has been applied in contexts other than a corporation becoming a

new corporation due to a sale. *See id*. For example, our Supreme Court has applied the

exception to a sole proprietorship becoming a corporation. *Id.*

Washington courts rely on several factors to determine whether a successor is a

mere continuation of a seller. *Columbia State Bank*, 199 Wn. App. at 320. The factors

include (1) "a common identity between the officers, directors, and stockholders of the

selling and purchasing companies," and (2) "the sufficiency of the consideration running

to the seller corporation in light of the assets being sold." *Cambridge Townhomes*,

166 Wn.2d at 482. The court's objective when considering these factors is to discern

whether the "purchaser represents 'merely a "new hat" for the seller.'" *Id.* (internal

quotation marks omitted) (quoting *McKee v. Harris-Seybold, Co.*, 109 N.J. Super. 555,

570, 264 A.2d 98 (1970)).

Vessel argues that the later registered Vessel was not a successor to the original

Vessel dissolved in 2020 and did not inherit the debts owed by the dissolved entity.

Vessel directs us to the original entity listing both Mr. Hartley and Ms. Middleton as

governors and points out that the later registered entity listed only Mr. Hartley as a

9

governor. Contrary to Vessel's argument, the newly registered Vessel bore the same name as the dissolved Vessel, "Vessel Wines, LLC," and continued making payments to Pinnacle on the loans. Moreover, as Vessel concedes, the entity registered in January 2021 "operated out of the [original] Vessel location" and continued doing business as if nothing had changed. Appellant's Opening Br. at 5.

The undisputed facts show the second Vessel Wines, LLC, was a mere continuation of the original Vessel Wines, LLC. Though Ms. Middleton was no longer a governor of the later registered entity, a common identity between officers is merely a factor for the court to consider and is not dispositive. Again, our objective is to discern whether "Vessel Wines, LLC," registered in January 2021, was simply a "new hat" for the Vessel that dissolved in September 2020. The later registered Vessel's continued payments to Pinnacle, as well as its continuation of its business with little to no change to the average observer, demonstrate the subsequent Vessel Wines, LLC, was a mere continuation of the dissolved Vessel Wines, LLC. Thus, Vessel remains liable to Pinnacle, and RCW 25.15.309 does not bar Pinnacle's complaint.

*Personal Liability*

Vessel contends Ms. Middleton's and Mr. Hartley's liability for the loans was also extinguished by RCW 25.15.309. Because the second Vessel was a continuation of the original Vessel, RCW 25.15.309 does not bar Pinnacle's claims against Vessel or its members or managers.

Furthermore, even if RCW 25.15.209 barred Pinnacle's claims against Vessel, Ms. Middleton and Mr. Hartley personally guaranteed each loan. The Finance Agreements state, in relevant part:

> Each of us unconditionally guarantees and promises to make all of the payments and perform all Debtor's obligations as specified in the above agreement. Each of our liabilities is primary and joint and several and will not be affected by any settlement, extension, renewal or modification of the agreement, by the discharge or release of the Debtor's obligations or by the taking or release of additional guarantors or security for the performance of the agreement. . . . Each of us also waives any other rights and defenses available to a guarantor by reason of applicable case or statutory law.

CP at 206, 216, 227. The "Debtor" is listed as "Vessel Wines, LLC" and Ms. Middleton and Mr. Hartley signed each Finance Agreement in their personal capacities, promising to perform all the debtor's obligations. CP at 206, 216, 227. The plain language of the Finance Agreements demonstrates that Ms. Middleton and Mr. Hartley are personally liable for the debt, regardless of whether Vessel were to remain liable.

Vessel relies, in part, on *Houk v. Best Developmental & Construction Company*, to support its contention that the claims against Ms. Middleton and Mr. Hartley should be dismissed. 179 Wn. App. 908, 322 P.3d 29 (2014). *Houk* is inapplicable to the facts before us. In *Houk*, this court was tasked with determining whether former RCW 25.15.303 (2006) barred suit against a limited liability company. *Id.* at 910. This court determined that former RCW 25.15.303 (2006) barred the Houks' suit and granted summary judgment dismissal of the Houks' claims. *Id.* at 915. Vessel argues *Houk*

11

stands for the proposition that under RCW 25.15.303, claims against named principals of a limited liability company must be dismissed upon the dismissal of claims against the limited liability company. This is a strained reading of *Houk* as this court reached no such holding. Moreover, unlike the facts in *Houk*, here, Ms. Middleton and Mr. Hartley personally guaranteed the loans.

Finally, the Finance Agreements state that Ms. Middleton and Mr. Hartley waived their defenses to liability under statutory or common law. Thus, even if RCW 25.15.309 somehow barred Pinnacle's suit against Ms. Middleton or Mr. Hartley personally, any such defense was waived under the plain language of the Finance Agreements.[7]

In sum, Ms. Middleton and Mr. Hartley remain personally liable to Pinnacle for Vessel's debts regardless of whether RCW 25.15.309 barred suit against Vessel.

ATTORNEY FEES

Pinnacle and Vessel both request attorney fees on appeal. Because Vessel has not prevailed, it is not entitled to attorney fees. Pinnacle requests its attorney fees pursuant to RAP 18.1 and the Finance Agreements. We grant Pinnacle its attorney fees.

---

[7] Vessel argues RCW 25.15.309 is a statute of repose not subject to waiver. However, Vessel cites no Washington case supporting this assertion. Vessel cites *Rice v. Dow Chemical Company* but that case does not even mention waiver. 124 Wn.2d 205, 875 P.2d 1213 (1994). Vessel also states, "The language of RCW 25.15.309 provides no exceptions, indicating the Legislature intended it to be an 'absolute backstop' to liability and not subject to waiver." Appellant's Opening Br. at 33. This argument is unavailing.

RAP 18.1 allows this court to award attorney fees to a prevailing party if applicable law allows. The Finance Agreements each state, in regard to Ms. Middleton and Mr. Hartley, that "[e]ach of us agrees that we are liable for Creditor's attorney's fees and costs in enforcing this guaranty." CP at 206, 216, 227. In regard to Vessel, the Finance Agreements state the "[d]ebtor will also pay Creditor all costs and expenses not offset against the proceeds of sale of any Equipment incurred by Creditor in enforcing the agreement, including court costs and attorneys' fees." CP at 207, 217, 228.

Because this appeal concerned enforcement of the Finance Agreements and Pinnacle is the prevailing party, we grant Pinnacle's request for attorney fees and costs.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____        _____
Staab, C.J.                            Hill, J.